IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CYNTHIA S. SOUTHERLAND, | ) CIVIL ACTION FILE NO.: |
| | ) |
| Plaintiff, | ) _____ |
| | ) |
| vs. | ) |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., as assignee and purchaser of CITIBANK, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION**

**PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ., AS AMENDED**

## I. INTRODUCTION

This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., as amended, (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Page 1

## II. JURISDICTION AND VENUE

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for pendent State Law Claims. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here.

## III. PARTIES

Plaintiff, Cynthia S. Southerland, is a natural person residing in the City of Cartersville, Bartow County, State of Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

Defendant, Portfolio Recovery Associates, L.L.C., is a limited liability corporation and collection agency, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The Defendant's principal place of business and operation is located at 120 Corporate Boulevard, Norfolk, Virginia.

## IV. FACTUAL ALLEGATIONS

(1)

The Defendant is engaged in the collection of debt allegedly owed to another.

(2)

Defendant engages in the purchase or other acquisition of debt for the purpose of collection.

(3)

Much of the debt acquired by Defendant is in long-term default and/or included in Bankruptcy proceedings.

(4)

On or about November 20, 2008, Plaintiff filed for protection from her Creditors under Chapter 13 of the United State Bankruptcy Code, in the Northern District of Georgia, Rome Division. Their case was assigned number 08-43968, and was confirmed on or about February 27, 2009.

(5)

In Plaintiff's Chapter 13 Bankruptcy case, she named Citi Cards as a Creditor on "Schedule F" on her Voluntary Petition. The debt evidenced by this account was, upon information and belief, purchase by Defendant, its subsidiaries, agents, assignees and/or other related entity.

(6)

On or about March 24, 2009, LVNV Funding, L.L.C. filed a Proof of Claim in the above-referenced Bankruptcy matter on behalf of Citibank, thereby evidencing receipt of Plaintiff's Bankruptcy filing. A true and exact copy of Page 1 of said "Proof of Claim" is attached hereto as "Exhibit "A."

(7)

On or about August 24, 2010, LVNV Funding, LLC transferred the claim to the Defendant and a Transfer of Claim was filed with the clerk of the Bankruptcy Court. A true and exact copy of said "Transfer of Claim" is attached hereto as "Exhibit "B."

(8)

At the direction of the Defendant, Plaintiff has received numerous phone calls from the Defendant attempting to collect on the debt included in the bankruptcy to which the Defendant purchased from LVNV Funding, LLC with full knowledge of the Plaintiff's bankruptcy status.

(9)

At all times relevant hereto, the Defendant had constructive and actual notice of the Plaintiff's Bankruptcy and her representation by counsel.

V. CAUSE OF ACTION

Plaintiff repeats, re-alleges, and incorporates by reference hereto Paragraphs 1 through 9 above.

(10)

Defendant's harassing and repetitive actions engaging the Plaintiff constitute numerous and multiple violations of the FDCPA in that Defendant has attempted to collect a debt in contravention of the law; has made false and misleading statements regarding the debt; has intentionally interfered, physical or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff; has invaded and intruded upon Plaintiff's right to privacy; and has communicated with a consumer known by the Defendant to be represented by counsel. (See 15 U.S.C. § 1692b(2), 15 U.S.C. § 1692b(6), and 15 U.S.C. § 1692e(10), amongst others.)

## VI. SUMMARY

Plaintiff repeats, re-alleges, and incorporates by reference hereto Paragraphs 1 through 10 above.

(11)

As a result of the Defendant's illegal violations of the FDCPA, Plaintiff has and continues to suffer actual damages and emotional distress in the form of humiliation, anger, anxiety, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

### (12)

Defendant is liable to the Plaintiff for actual and statutory damages.

### (13)

Defendant is liable to the Plaintiff for all attorney's fees and costs associated with Defendant's violations of the FDCPA.

**WHEREFORE**, Plaintiff prays:

(a) That this Complaint be filed, read and considered;

(b) That this Court award Plaintiff actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and for the emotional distress suffered as a result of the Defendant's willful violations of the FDCPA and invasions of privacy;

(c) That this Court award Plaintiff statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

(d) That this Court award Plaintiff costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and

(e)  For such other and further relief as may be just and proper.


Respectfully submitted this 30th day of September, 2010.

                                              **BERRY & ASSOCIATES**

                                              */s/ Timothy H. Paschall*
                                              Timothy H. Paschall
                                              Georgia Bar Number: 565670
                                              Attorney for Plaintiff

2751 Buford Highway
Suite 400
Atlanta, Georgia 30324
(404) 235-3300
Fax: (404) 235-3333
Tim@MattBerry.com